MICHAEL GILHOOLEY *vs.* SOLOMON SANBORN & another.

Suffolk.   March 10. — 26, 1880.   ENDICOTT & SOULE, JJ., absent.

In an action for personal injuries occasioned to the plaintiff by the caving in of
earth on the side of a trench, upon which he was employed by the defend-
ant, who was performing the work under a written contract with a city, such
contract is *res inter alios,* and inadmissible to prove that it was the duty of the
defendant to brace the trench.

TORT for personal injuries.   Trial in the Superior Court, be-
fore *Wilkinson,* J., who allowed a bill of exceptions in substance
as follows :

The plaintiff was employed by the defendant to lay sewer-
pipe in a trench in Union Avenue, Jamaica Plain, and, while
engaged in such work, was injured by the caving in of the
earth on one side of the trench.   The trench was not braced ;
and the plaintiff contended that the accident was occasioned by
the negligence of the defendants in failing to brace it.

The defendants were performing the work under a written
contract with the city of Boston, by which they undertook to
dig the trenches and lay the sewers in Green Street and Union
Avenue, the latter street connecting with the former.   Prior to
the accident, they had dug the trench and laid the sewer as far
on Green Street as its junction with Union Avenue, and had
braced the trench the entire length on Green Street ; but there
was evidence that the soil in Union Avenue was different from
that in Green Street.   There was no evidence as to whether the
trenches on Green Street and Union Avenue were of the same
or different depth or width.   The defendants, prior to the acci-
dent, had been at work about a week on the trench in Union
Avenue, and had laid the sewer for about 500 feet.   No part of
this trench had been braced or planked.   At the place of the
accident, the depth was about seven feet, the width at the bot-
tom about eighteen inches, and at the top about three feet, and
the soil was a mixture of loam and sand.   There was conflicting
evidence as to whether the trench should properly have been
braced.   The defendants admitted that, if the trench required
bracing, it was their duty to brace it.   The plaintiff offered in
evidence the contract of the defendants with the city, which

contained the following provision : " The trenches shall be thoroughly braced and planked." The judge inquired of the defendants if they admitted that, if the trench required bracing, it was their duty to brace it; to which they answered that they did. The judge then ruled, that, as the only ground on which the contract could be admitted was as an admission of the duty of the defendants to brace if necessary, and as that obligation was admitted, the contract should be excluded.

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*R. M. Morse, Jr.*, for the plaintiff.

*W. Gaston & C. L. B. Whitney*, for the defendants.

LORD, J.   But a single question is presented in ᵥthis case. The plaintiff contends that he was injured in a trench by reason of the sides' caving because not sufficiently braced. The defendants admitted at the trial, that, if bracing were necessary, it was their duty to brace. It is immaterial to inquire how this duty devolved upon the defendants, though there seem to be only two modes by which it could be : one mode would be by force of law, because of the obligation on the part of an employer to use reasonable precautions to guard against injury to the workmen in his employment; the other mode would be by contract between the parties. A contract between the defendants and a third party is *res inter alios.* As between the parties to this suit, it cannot be used as an admission of duty, or of reasonableness or propriety. No man, by entering into a contract with another to perform work for him, agrees, by entering into the contract, either that the work to be done is necessary, or useful, or reasonable, or proper. He has no responsibility for the work, provided it be not illegal nor immoral. These suggestions preclude the competency of the defendants' contract with the city of Boston, as being *res inter alios*, and liable, if not calculated, to mislead. The admissibility of that contract being the only question submitted to us, the exceptions must be

*Overruled.*